IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| ROGER G. MEADOWS, deceased, by and through his Administrator, SHARON MEADOWS, and his Heirs at Law, MIRANDA MEADOWS and LEE ANN MEADOWS | PLAINTIFFS |
| v. | CIVIL ACTION NO. 2:17-CV-214-KS-MTP |
| UNUM GROUP CORP., formerly operating as UNUM PROVIDENT CORP.; PROVIDENT LIFE & ACCIDENT INS. CO. and other unknown and unnamed entities | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Declaratory Judgment to Assert Exceptions to Pre-emption and to Declare Plan "Non-ERISA" ("Motion for Declaratory Judgment") [10] filed by Plaintiffs Roger G. Meadows, deceased, by and through his Administrator, Sharon Meadows, and his Heirs at Law, Miranda Meadows and Lee Ann Meadows (collectively "Plaintiffs"), and the Motion for Partial Summary Judgment [21] filed by Unum Group Corp. ("Unum") and Provident Life & Accident Insurance Co. ("Provident") (collectively "Defendants"). Both motions deal exclusively with the issue of whether the subject benefits plan was an employee welfare benefit plan subject to the Employee Retirement Income Security Act ("ERISA"). After considering the submissions of the parties, the record, and the applicable law, the Court finds that the subject plan was an ERISA benefit plan. The Motion for Declaratory Judgment [10] is therefore not well taken and should be denied, and the Motion for Partial Summary Judgment [21] is well taken and should be granted.

# I. BACKGROUND

Plaintiffs originally filed this action against Defendants in the Circuit Court of Jones County, Mississippi, bringing claims of breach of contract and bad faith denial of coverage. Defendants removed to this Court on December 22, 2017, pursuant to 28 U.S.C. § 1441, alleging federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff Roger G. Meadows ("Dr. Meadows") was employed by Hattiesburg Clinic (the "Clinic") as a physician from 2006 until 2012. As a physician, he was eligible to participate in the Supplemental Income Protection Plan (the "Plan") offered by the Clinic for certain eligible employees. Under the Plan, eligible employees would apply for individual policies that would be issued by Provident[1] under the terms of the Plan, and the premiums of these policies would be paid for by the Clinic. Pursuant to the Plan, Dr. Meadows applied for and received a disability income policy through Provident. (*See* Application [21-4].)

In February 2012, Dr. Meadows suffered a gunshot would during a confrontation with the Jones County Sheriff's Department. He submitted a claim under his disability income policy with Provident on April 18, 2012, and was later terminated from his employment with the Clinic on April 28, 2012. In January 2014, Provident determined that Dr. Meadows was not eligible for benefits under his policy. On November 16, 2016, Dr. Meadows died. His heirs now bring this action, seeking damages for wrongfully denied benefits.

---

[1] Provident is a subsidiary of Unum.

## II. DISCUSSION

The question before the Court in both Plaintiffs' Motion for Declaratory Judgment [10] and Defendants' Motion for Partial Summary Judgment [21] is whether the Plan was an employee benefit plan subject to ERISA, thereby preempting Plaintiffs' state law claims.

The Fifth Circuit has "devised a comprehensive test for determining whether a particular plan qualifies as an 'employee welfare benefit plan'" subject to ERISA. *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). Under this test, the Court must "ask whether a plan: (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees." *Id.* If a plan meets all of these requirements, it is an ERISA employee welfare benefit plan and therefore subject to preemption. *See id.*

### A.  A Plan Exists

To determine if a plan exists, the Court "must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Meredith*, 980 F.2d at 355 (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1993)). In this case, it is readily apparent that the circumstances indicate that a plan exists. The "intended benefits" are the disability insurance benefits under the policies, the "beneficiaries" are the eligible Clinic employees, the "source of financing" is the premiums paid by the Clinic, and the "procedures for receiving benefits" are the procedures under the policies. *See id*.

Despite Plaintiffs' assertions, the fact that Dr. Meadows received an individual policy does not mean that a plan did not exist. The Fifth Circuit has held that an individual policy issued to a

3

beneficiary can still be part of an overarching ERISA employee welfare benefit plan. *Hollis v. Provident Life and Accident Ins. Co.*, 259 F.3d 410, 414 (5th Cir. 2001). Because the surrounding circumstances indicate that a plan did in fact exist, the Court finds that this prong of the test has been met.

### B. Safe-Harbor Provision

Under the safe-harbor provision, a plan can only be exempt from ERISA if it meets four criteria: "(1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; *and* (4) the employer received no profit from the plan." *Meredith*, 980 F.2d at 355 (emphasis in original). All four criteria must be met for a plan to be exempt. *Id.*

Here, the first criterion is not met. Plaintiffs do not and cannot dispute that the Clinic paid all premiums under the plan. Plaintiffs' only argument under this criterion is that the plan "did not exist as a going concern." (Response [31] at p. 2.) This argument does not defeat the fact that the Clinic indisputably contributed to the plan by paying premiums. (*See* Hamer Affidavit [30] at ¶ 5.) As such, the plan falls within the safe-harbor provision as it does not meet all the criteria[2] for exemption. The second prong of the test for application of ERISA is therefore met.

### C. Primary Elements of ERISA

The final prong of the test require the Court to consider whether the plan meets the two primary elements of an ERISA employee welfare benefit plan: "(1) whether an employer established or maintained the plan; and (2) whether the employer intended to provide benefits to its employees." *Meredith*, 980 F.2d at 355 (quoting *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 173, 183 (5th Cir. 1992)). Here, the Plan unquestionably meets these elements. The

---

[2] Though unnecessary to address, the third criterion is also not met, as the Clinic paid a greater role than simply collecting premiums and remitting them.

4

Plan was established and repeatedly renewed by the Clinic to offer income protection to its eligible employees. (*See* Supplemental Income Protection Plan [30-1][30-2][30-3].) In fact, the Plan documents themselves state that it was "developed specifically for" the Clinic and meant "to provide a Supplemental Income Protection for [the Clinic's] employees." (*Id.*) The third prong of the test for the application of ERISA is therefore met, and the Court finds that the Plan is an employee welfare benefit plan under ERISA subject to preemption.

### D. Plaintiffs' Arguments

Plaintiffs make multiple arguments that do not go directly towards the Fifth Circuit's test for an employee welfare benefit plan under ERISA. Their first argument is that discovery is needed before such a determination is made. Though they do not cite the rule, this argument falls under the purview of Federal Rule of Civil Procedure 56(d). However, Plaintiffs have not complied with the requirements of this rule as they have not offered an "affidavit or declaration that, for specified reasons, [they] cannot present facts essential to justify [their] opposition" to summary judgment as to this issue. Fed. R. Civ. P. 56(d). Furthermore, the Court does not believe that Plaintiffs could justify their request for discovery with specific reasons, either, as the analysis of whether the Plan is an employee welfare benefit plan under ERISA is straightforward, with few of the facts actually disputable. Additional discovery, then, is not warranted even if Plaintiffs had met their burden under Rule 56(d).

Plaintiffs also argue that the Plan cannot be an employee welfare benefit plan because the Clinic failed to comply with certain regulations required by ERISA. Even accepting this

unsupported assertion as true, the Fifth Circuit test for whether a plan is an employee welfare benefit plan does not require compliance with any regulation promulgated pursuant to ERISA.[3]

Plaintiffs also make the vague allegation that the Plan was not offered as a "going concern" and that it cannot be an ERISA employee welfare benefit plan as a result. The record, however, shows that the Plan was in place from as early as 2004 and continued to be renewed until at least 2012. (*See* Supplemental Income Protection Plan [30-1][30-3].) Though the Court is unsure what Plaintiffs' argument under this point actually is, the evidence shows that the Plan was in place throughout Dr. Meadows' tenure at the Clinic.

Plaintiffs also argue that certain employees of the Clinic and Provident did not believe that ERISA applied to the Plan. However, ERISA's applicability does not turn on the subjective beliefs of employers and insurance companies.

Finally, Plaintiffs contend that, even if the Plan is an employee welfare benefit plan under ERISA, their claims should not be preempted because it would leave them without remedy and would "evade Mississippi laws governing the bad faith denial of insurance coverage." (Response [31] at pp. 4-5.) Plaintiffs' specifically argue that the bad faith denial of insurance claim should be allowed to proceed because the savings clause exempts from preemption any state law regulating insurance. (*See id.* at p. 5.) This argument, however, is wholly unpersuasive as it has already been definitively rejected by the U.S. Supreme Court in *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549, 95 L.Ed.2d 39 (1987). In *Dedeaux*, the Supreme Court held bad faith denial of insurance claims under Mississippi common law were preempted by ERISA. *Id.* at 50-52, 57. This Court does not have the authority to overturn clear precedent from

---

[3] This argument is backwards as these regulations are meant to govern employee welfare benefit plans and, were the Court to accept Plaintiffs' argument, an employer could escape having their benefits plan subject to these regulations simply by not complying with them.

the U.S. Supreme Court.  Furthermore, Plaintiffs' argument that preemption leaves them no remedy is inaccurate.  Rather, any remedy they may be entitled to must be brought under ERISA.

For the foregoing reasons, the Court finds that the Plan is an employee welfare benefit plan under ERISA and that Plaintiffs' claims are completely preempted.  The Motion for Declaratory Judgment [10] will be **denied**, and the Motion for Partial Summary Judgment [21] will be **granted**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Declaratory Judgment [10] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Partial Summary Judgment [21] is **granted**.

SO ORDERED AND ADJUDGED, on this, the 15th day of June, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE